Brian J. Waid
Waid Law Office
4847 California Ave. SW, Suite 100
Seattle, Washington 98116
(206) 388-1926
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RHEGAN PATRICK and GRIFFIN PATRICK,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES S. ROGERS d/b/a LAW OFFICES OF JAMES S. ROGERS<br><br>**Defendant.** | CASE NO. 2:13-cv-01314<br><br>COMPLAINT FOR DETERMINATION OF REASONABLE AMOUNT OF ATTORNEY'S FEE<br><br>[JURY DEMAND] |

## I.  PARTIES

1.0  Plaintiff RHEGAN PATRICK is a person of the full age of majority, a citizen of Canada and a resident of West Vancouver, British Columbia.

1.1  Plaintiff GRIFFIN PATRICK is a person of the full age of

**Complaint for Determination of Reasonableness
of Attorney's Fee
Page 1 of 11

WAID LAW OFFICE
4847 California Ave. SW, Suite 100
SEATTLE, WA 98116
206-388-1926

majority and a resident of Spring, Texas.

1.2  Defendant JAMES S. ROGERS is a person of the full age of majority, domiciled in Seattle, Washington. Defendant Rogers is an attorney who practices law as a sole proprietorship doing business as Law Office of James S. Rogers.

## III.  JURISDICTION AND VENUE

2.0  Jurisdiction is proper in this Court pursuant to 28 USCA §1332(a) because complete diversity exists between the Plaintiffs and Defendant, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2.1  Venue is proper in this Court pursuant to 28 USCA §1391(b)(1) and/or (2).

## III.  FACTS

3.0  The National Championship Air Races take place each September near Reno, Nevada, organized by the Rena Air Racing Association ("RARA"). During the 2011 Reno Air Races, a vintage aircraft crashed causing 11 deaths (including the pilot) and 69 injuries.

Complaint for Determination of Reasonableness
of Attorney's Fee
Page 2 of 11

WAID LAW OFFICE
4847 California Ave. SW, Suite 100
SEATTLE, WA 98116
206-388-1926

Wendy Hewitt, age 56, was one of those killed. Her husband, George Hewitt also died in the crash. Wendy's adult children, daughter Rhegan and son Griffin, survived her. Rhegan and Griffin are the plaintiffs in this case.

3.1 On information and belief, RARA acknowledged, soon after the September 2011 Rena Air Race disaster, that it did not dispute liability arising out of the events that killed the mother of Rhegan and Griffin.

3.2 Plaintiff Rhegan Patrick, individually, entered into a Contingent Fee Agreement with Defendant Rogers on January 20, 2012. Rhegan's fee agreement, drafted by Mr. Rogers, provides for a 25% contingency fee but also expressly provides that "Client...may petition the court for a determination of the reasonableness of the Attorneys' fee."

3.3 On or about January 25, 2012, Rhegan was named "Special Administrator" of her mother's estate in Arizona, and authorized to undertake all acts necessary to pursue a wrongful death claim on behalf of the Estate. However, there is no contingent fee agreement between Rhegan, in her capacity as representative of the Estate, and Mr. Rogers.

**Complaint for Determination of Reasonableness of Attorney's Fee**
Page 3 of 11

**WAID LAW OFFICE**
4847 California Ave. SW, Suite 100
SEATTLE, WA 98116
206-388-1926

3.4     Nevada law provides that "the heirs of the decedent and the personal representatives of the decedent may each maintain an action for [wrongful death] damages." Nev. Rev. St. 41.0185(2).

3.5     Plaintiff Griffin Patrick did *not* enter into any contingent fee agreement with Defendant Rogers.  Defendant Rogers nevertheless undertook representation of Griffin in connection with his claims against the RARA Compensation Fund without having entered into a written fee agreement, or even having submitted a fee agreement to Griffin for approval.

3.6     On information and belief, Defendant Rogers is an experienced trial attorney who, prior to January 20, 2012, knew or reasonably should have known that the claims of Griffin and Rhegan Patrick would be resolved through creation of a settlement and/or compensation fund, as is common in aviation disaster cases in which liability is not disputed, without the need for extensive or protracted discovery (*e.g.,* depositions) and/or litigation.  Defendant Rogers did not disclose that knowledge to Rhegan prior to her execution of the Contingent

Complaint for Determination of Reasonableness
of Attorney's Fee
Page 4 of 11

WAID LAW OFFICE
4847 California Ave. SW, Suite100
SEATTLE, WA 98116
206-388-1926

Fee Agreement with Mr. Rogers.

3.7  In early-to-mid 2012, the exact date being unknown to Plaintiffs, insurers and other potentially liable parties involved created the "Reno Air Racing Association Accident Compensation Fund Program" as an "economical, efficient and timely alternative to litigation...for allocation and distribution of funds available to compensate spectators (or legal heirs of a deceased spectator)..." The Fund consisted of approximately $77MM. The Fund established a "protocol" for resolution of claims, and required the claimant's release of claims and participation in a "point allocation" system determinative of the claimant's award.

3.8  By approximately November 14, 2012, Rhegan and Griffin had enrolled in the Compensation Fund. The Claim Form is not complicated. Indeed, the Fund itself explains that "[y]ou do not need to hire a lawyer to submit a claim to the RARA Compensation Fund," and an associate lawyer in Mr. Rogers' office filled out the form with Rhegan. Documentation submitted in support of the Claim was also minimal, including a written statement describing the extraordinarily close family

Complaint for Determination of Reasonableness
of Attorney's Fee
Page 5 of 11

WAID LAW OFFICE
4847 California Ave. SW, Suite 100
SEATTLE, WA 98116
206-388-1926

relationship among Wendy and her children, a short video montage of photographs, and a few other, miscellaneous documents.

3.9 The Fund rejected Rhegan and Griffin's claim for their mother's economic loss because she was semi-retired at the time of her death. Rhegan and Griffin appealed, seeking $388,572 in economic losses; however, the Fund also rejected their appeal. (Mr. Rogers' office had decided not to file Wendy's income tax information in support of the appeal on economic losses).

3.10 The extent of Mr. Rogers' work between January 20, 2012 and November 14, 2012 remains undocumented and uncertain. Mr. Rogers generally does *not* maintain contemporaneous time records and did *not* maintain any contemporaneous time records relative to his representation of Rhegan and Griffin.

3.11 Less than two months later, on January 11, 2013, the Compensation Fund issued its award to Rhegan and Griffin. The Compensation Award was delivered to Mr. Rogers on a date after January 11, 2013.

**Complaint for Determination of Reasonableness of Attorney's Fee**
Page 6 of 11

WAID LAW OFFICE
4847 California Ave. SW, Suite 100
SEATTLE, WA 98116
206-388-1926

3.12 On or about January 16, 2013, Mr. Rogers sent an initial accounting to Rhegan and Griffin and asserted an attorney fee claim in the amount of $521,014.80.

3.13 On information and belief, Mr. Rogers had entered into a co-counsel agreement with a Nevada law firm, pursuant to which he agreed to pay the Nevada law firm 10% of his gross fee recovery. However, Defendant Rogers had not complied with Washington RPC 1.5(e) in connection with his fee-sharing agreement. The $521,014.80 fee claimed by Mr. Rogers included the 10% fee that Mr. Rogers proposed to deliver to his co-counsel.

3.14 The RARA Compensation Fund has also held back funds from the claimants, including Rhegan and Griffin, which will be allocated to the approved claimants in September 2013 and September 2014, based on the existing "point" allocation system. There is also a claim pending against the pilot's estate (the "Leeward Estate"), which Rhegan and Griffin expect will be resolved and allocated in a similar manner to the existing fund. Rhegan and Griffin do not know the amounts they may receive in

Complaint for Determination of Reasonableness
of Attorney's Fee
Page 7 of 11

WAID LAW OFFICE
4847 California Ave. SW, Suite 100
SEATTLE, WA 98116
206-388-1926

these future distributions. Defendant Rogers also claims a fee out of those future recoveries.

3.15 Plaintiffs and Defendant entered into a Tolling Agreement, effective February 21, 2013, relative to Plaintiffs' request for a reasonableness determination in respect to Mr. Rogers' fee. This Tolling Agreement has remained in effect up to and including the date of the filing of this Complaint.

3.16 Considering all of the facts and circumstances, Plaintiffs allege on information and belief that the Defendant Rogers's claimed contingent fee, in the amount of 521,014.80, plus an additional 25% of all future recoveries, is excessive.

## IV. CAUSE OF ACTION

4.0 Plaintiff Rhegan Patrick is entitled to a reasonableness determination relative to Mr. Rogers' contingent fee, including pursuant to RCW 4.24.005, and/or the Contingent Fee Agreement between Rhegan Patrick and Mr. Rogers, and/or RPC 1.5(a).

4.1 Plaintiff Griffin Patrick is entitled to a determination that Mr.

Complaint for Determination of Reasonableness
of Attorney's Fee
Page 8 of 11

WAID LAW OFFICE
4847 California Ave. SW, Suite100
SEATTLE, WA 98116
206-388-1926

Rogers may either not charge him any fee due to his non-compliance with RPC 1.5(c), or may only charge him his reasonably and customary hourly fees for those amounts of time that Mr. Rogers can prove he actually incurred on behalf of Griffin Patrick, only (considering that Mr. Rogers is being compensated by Rhegan Patrick for all time Mr. Rogers incurred while jointly prosecuting the claims of both Rhegan and Griffin).

  4.2 In the alternative, in the event that the Court does *not* limit Mr. Rogers' fees from Plaintiff Griffin Patrick to his reasonable and customary hourly fees applied to only those amounts of time incurred only for the benefit of Griffin, then Griffin is also entitled to a reasonableness determination relative to Mr. Rogers' fees, including pursuant to RCW 4.24.005 and/or RPC 1.5(a).

  4.2 Plaintiffs are further entitled to a determination whether the fee-splitting agreement between Mr. Rogers and the Nevada co-counsel that he retained complies with RPC 1.5(e) and, if not, whether Mr. Rogers' fees should be reduced due to Mr. Rogers' non-compliance with RPC 1.5(e).

Complaint for Determination of Reasonableness
of Attorney's Fee
Page 9 of 11

WAID LAW OFFICE
4847 California Ave. SW, Suite 100
SEATTLE, WA 98116
206-388-1926

## V. DEMAND FOR TRIAL BY JURY

5.0 Plaintiffs demand that all issues in this case be tried to a jury, pursuant to the Seventh Amendment to the United States Constitution and Fed. R. Civ. Proc. 38, and consistent with *Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC,* 139 Wn. App. 743, 758-761, 162 P.3d 1153 (Div. I 2007).

WHEREFORE Plaintiffs pray that the Court grant Plaintiffs the following relief:

A. All issues in this case be tried to a jury;

B. Determination of the reasonable amount of Mr. Rogers' fee on the recovery, past and future, of Rhegan Patrick from the RARA Compensation Fund;

C. Determination of the amount of Mr. Rogers' fee, if any, payable by Griffin Patrick, including on any future recoveries by Griffin Patrick from the RARA Compensation Fund;

D. All taxable costs of these proceedings;

E. Such other and different relief as the Court may deem just and

Complaint for Determination of Reasonableness
of Attorney's Fee
Page 10 of 11

WAID LAW OFFICE
4847 California Ave. SW, Suite 100
SEATTLE, WA 98116
206-388-1926

equitable.

DATED: July 8, 2013.

WAID LAW OFFICE

/s/ Brian J. Waid
BRIAN J. WAID
WSBA No. 26038
JESSICA M. CREAGER
WSBA No. 42183
Attorneys for Plaintiffs

Complaint for Determination of Reasonableness
of Attorney's Fee
Page 11 of 11

WAID LAW OFFICE
4847 California Ave. SW, Suite100
SEATTLE, WA 98116
206-388-1926