Hon. Robert S. Lasnik

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

RHEGAN PATRICK and GRIFFIN
PATRICK,

10

Plaintiffs,

11

12

v.

JAMES S. ROGERS d/b/a LAW OFFICES
OF JAMES S. ROGERS,

13

14

Defendant.

15

LAW OFFICES OF JAMES S. ROGERS, a
Washington sole proprietor,

16

Plaintiff,

17

18

v.

GRIFFIN PATRICK, an individual; and
RHEGAN PATRICK, an individual and as
Special Administrator of the Estate of
Wendy Elizabeth Hewitt,

19

20

21

Defendants.

No. 2:13-cv-01314RSL
(Consol. with Case
No. 2:13-cv-01319RSM)

DEFENDANT'S ANSWER TO
COMPLAINT FOR
DETERMINATION OF
REASONABLE AMOUNT OF
ATTORNEY'S FEES

22          Plaintiffs/Defendants James S. Rogers and Law Offices of James S. Rogers

23     ("Rogers"), through his attorneys, answers the averments of the complaint of

24     Defendants/Plaintiffs Griffin Patrick and Rhegan Patrick (collectively, the "Patricks"), as

25     follows:

26

DEF.'S ANSWER TO COMPL. FOR DETERMINATION OF
REASONABLE AMOUNT OF FEES (Consol. No. 2:13-cv-
01314RSL) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## I. PARTIES

1.0     Admit.

1.1     Admit.

1.2     Admit.

## II. JURISDICTION AND VENUE

2.0     Admits that jurisdiction is proper in this Court.  To the extent that

paragraph 2.0 alleges anything other than that jurisdiction is proper, Rogers denies the

averments of paragraph 2.0 or does not have information sufficient to form a belief as to

the truth of the averments of paragraph 2.0.

2.1     Admits that venue is proper in this Court.  To the extent that paragraph 2.1

alleges anything other than that jurisdiction is proper, Rogers denies the averments of

paragraph 2.1 or does not have information sufficient to form a belief as to the truth of the

averments of paragraph 2.1.

## III. FACTS

3.0     Admit.

3.1     Denies the averments set forth in paragraph 3.1.

3.2     Denies the averments set forth in the first sentence of paragraph 3.2.

Rogers admits the Contingent Fee Agreement provides for a 25 percent contingency fee

and provides that "Client . . . may petition the court for a determination of the

reasonableness of the Attorneys' fee."  Rogers denies the remaining averments contained

in paragraph 3.2.

3.3     Admits the averments set forth in the first sentence of paragraph 3.3.

Rogers denies the averments set forth in the second sentence of paragraph 3.3.

3.4     States that no response is required to a quotation from a statute, except

notes that the statute cited (Nev. Rev. Stat. 41.0185(2)) does not exist.  Nev. Rev. Stat. §

41.085(2)  states: "When the death of any person, whether or not a minor, is caused by the

DEF.'S ANSWER TO COMPL. FOR DETERMINATION OF
REASONABLE AMOUNT OF FEES (Consol. No. 2:13-cv-
01314RSL) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

wrongful act or neglect of another, the heirs of the decedent and the personal

representatives of the decedent may each maintain an action for damages against the

person who caused the death, or if the wrongdoer is dead, against the wrongdoer's

personal representatives, whether the wrongdoer died before or after the death of the

person injured by the wrongdoer."

      3.5    Admits he represented Griffin but denies the remaining averments set forth

in paragraph 3.5.

      3.6    Admits he is an experienced trial attorney but denies the remaining

averments set forth in paragraph 3.6.

      3.7    Denies the averments set forth in paragraph 3.7.

      3.8    Admits the averments set forth in the first sentence of paragraph 3.8.

Rogers states that the Claim Form speaks for itself and denies the remaining averments set

forth in paragraph 3.8.

      3.9    Denies the averments set forth in paragraph 3.9.

      3.10    Denies the averments set forth in the first sentence of paragraph 3.10.

Rogers admits the averments set forth in the second sentence of paragraph 3.10.

      3.11    Admit.

      3.12    Admit.

      3.13    Admits the averments set forth in the first sentence of paragraph 3.13.

Rogers denies the averments set forth in the second sentence of paragraph 3.13.  Rogers

admits the averments set forth in the third sentence of paragraph 3.13.

      3.14    Admit.

      3.15    Admit.

      3.16    Admits that he has claimed fees for the RARA settlement in the amount of

$521,014.80 plus an additional 25 percent for the Leeward Estate settlement, and the 2013

DEF.'S ANSWER TO COMPL. FOR DETERMINATION OF
REASONABLE AMOUNT OF FEES (Consol. No. 2:13-cv-
01314RSL) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

and 2014 holdbacks, and any and all future recoveries, but denies the remaining averments set forth in paragraph 3.16.

### IV. CAUSE OFACTION

4.0   Admit.

4.1   Denies the averments set forth in paragraph 4.1.

4.2   Admits the averments in the first paragraph numbered 4.2.

4.2   Concerning the second paragraph numbered 4.2, Rogers denies that he violated the RPCs but admits the Patricks are entitled to a hearing.

### V. DEMAND FOR TRIAL BY JURY

5.0   Denies that the Patricks are entitled to a jury as alleged in paragraph 5.0.

### RESPONSE TO PRAYER FOR RELIEF

Rogers states that paragraphs A.-E. on page 10 of the Patricks' complaint is a request for relief to which no response is required.  To the extent a response is required, Rogers admits that the Patricks are entitled to a determination of the amount of fees due to Rogers but deny that the Patricks are entitled to any further requested relief.

### AFFIRMATIVE DEFENSES

Rogers further responds to the Patricks' complaint by asserting the following defenses or affirmative defenses:

1.   The Patricks' claims are barred by the doctrine of waiver and estoppel.

2.   The Patricks' claims are barred by the doctrines of laches and delay.

3.   The Patricks' claims are barred by the doctrine of recovery for the common fund.

4.   The Patricks' claims are barred by the doctrine of unclean hands.

DEF.'S ANSWER TO COMPL. FOR DETERMINATION OF REASONABLE AMOUNT OF FEES (Consol. No. 2:13-cv-01314RSL) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## ROGERS' PRAYER FOR RELIEF

WHEREFORE, having answered the Patricks' Complaint, Rogers prays for the following relief:

A.    For dismissal of the Patricks' Complaint with prejudice;

B.    For an award of Rogers' reasonable attorney fees and costs incurred in defending the Patricks' Complaint; and

C.    For such other and further relief as the Court deems just and equitable.

DATED this 30th day of September, 2013.

McNAUL EBEL NAWROT & HELGREN PLLC

By:  s/Robert M. Sulkin
By:  s/Daniel M. Weiskopf
         Robert M. Sulkin, WSBA No. 15425
         Daniel M. Weiskopf, WSBA No. 44941

600 University Street, Suite 2700
Seattle, Washington  98101
Telephone (206) 467-1816
rsulkin@mcnaul.com
dweiskopf@mcnaul.com

Attorneys for Plaintiff/Defendant James S. Rogers
d/b/a Law Offices of James S. Rogers

DEF.'S ANSWER TO COMPL. FOR DETERMINATION OF
REASONABLE AMOUNT OF FEES (Consol. No. 2:13-cv-
01314RSL) – Page 5

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

| 1 | CERTIFICATE OF SERVICE |
|---|---|
| 2 | I hereby certify that on September 30, 2013, I electronically filed the foregoing |
| 3 | with the Clerk of the Court using the CM/ECF system, which will send notification of |
| 4 | such filing to all counsel of record who receive CM/ECF notification. |
| 5 | DATED: September 30, 2013. |
| 6 | By:   s/Daniel M. Weiskopf |
| 7 | Daniel M. Weiskopf, WSBA No. 44941 |

1

2   CERTIFICATE OF SERVICE

3   I hereby certify that on September 30, 2013, I electronically filed the foregoing

4   with the Clerk of the Court using the CM/ECF system, which will send notification of

5   such filing to all counsel of record who receive CM/ECF notification.

6   DATED: September 30, 2013.

7                                    By:   s/Daniel M. Weiskopf
                                              Daniel M. Weiskopf, WSBA No. 44941

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEF.'S ANSWER TO COMPL. FOR DETERMINATION OF
REASONABLE AMOUNT OF FEES (Consol. No. 2:13-cv-
01314RSL) – Page 6

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

2836-002 ci3056030w 2013-09-30